# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KOHL,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br>AMERICAN HOME SHIELD CORP.,<br><br>　　　　　　　Defendant. | CASE NO. 11cv0700 JM(NLS)<br><br>ORDER REQUESTING FURTHER BRIEFING AND CONTINUING ORAL ARGUMENT DATE |

Defendant American Home Shield Corp. ("AHS") moves to dismiss Plaintiff Richard Kohl's class action complaint for failure to state a claim or, alternatively, to transfer this action pursuant to the first-to-file rule. Plaintiff opposes all motions. For the reasons set forth below, the court requests further briefing.

**BACKGROUND**

On April 6, 2011, AHS removed this diversity action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff alleges a single claim for violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200. The predicate for the UCL claim is the alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2607(a).

AHS is in the business of servicing, administering, and selling home service contracts, sometimes called a Home Warranty Contract ("HWC"). The HWCs cover "such things as the replacement and repair of electrical, plumbing, and heating and cooling systems, as well as the breakdown of major home appliances." (Compl, ¶5). A substantial amount of HWCs are purchased

by buyers or sellers of residential real estate at the time of a real estate closing. (Compl. ¶6).

### The Alleged Scheme

As an incentive to real estate agents and brokers, Plaintiff alleges that "AHS pays a kickback to the brokerage if the agent is able to cause the buyer or seller to purchase a AHS home warranty. Once the premium for the warranty is collected, AHS pays the real estate agents or brokers a portion of the premium that was paid by the home buyer or seller." (Compl. ¶7). This is allegedly a "standard business practice . . . . known among real estate agents that they will receive a kickback if they cause a purchaser or seller of residential property to purchase a home warranty with AHS." (Compl. ¶87).

On June 14, 2010, Plaintiff purchased a home in Oceanside, California. Plaintiff was represented by real estate agent Mike Dempster of Zip Realty. The agent "encouraged Plaintiff to purchase a AHS home warranty" for $435. (Compl. ¶11). This cost for the one-year HWC was listed among Plaintiff's closing costs. A portion of this charge allegedly "went to his real estate agent in exchange for referring Plaintiff's home warranty business to AHS." (Compl. ¶12).

Plaintiff alleges that the payment of these kickbacks is unlawful under RESPA. The single UCL claim is based upon the alleged violation of RESPA.

### The Class

Plaintiff seeks to bring this action as a class action defined as:

> All persons residing in California who have purchased a home warranty from AHS in connection with the sale or purchase of a home financed by a federally related mortgage in the past four years, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.

(Compl. ¶20). The class period allegedly commences on March 4, 2007, (Notice of Removal, Exh. 2), and continues through the present time.

### The Earlier Filed Action

On May 26, 2009, a nationwide class action was commenced against AHS in the United States Court for the Northern District of Alabama, Southern Division, entitled <u>Abney v. American Home Shield Corp.</u>, No. 2:09-1018 RDP (the "<u>Abney</u> action"). The certified class in the <u>Abney</u> action is defined as:

///

> All persons in the United States of America who have purchased from the defendant a home warranty in connection with the sale or purchase of a home financed by a federally related mortgage during the applicable statute of limitations period, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.

///

(AHS Exh. 3 ¶17). The class period commences on May 26, 2008.

On January 20, 2011, the parties in Abney reached a settlement and filed a motion for preliminary approval of the settlement. On March 4, 2011, the district court in Alabama approved the settlement in Abney. (AHS Exh. 2). Pursuant to the class notice of settlement, each class member will receive payment of $40, representing "2/3 of the typical $60.00 kickback paid by AHS to real estate agents." (Oppo. at p.4:12).

On May 18, 2011 Plaintiff filed an election to opt-out of the settlement in Abney. (Miller Decl. Exh. B). Plaintiff represents that he elects, in lieu of participating in the settlement in Abney, to pursue his action as a class action.

## DISCUSSION

The court addresses the first-to-file rule first because, for reasons that will appear, the class claims asserted by Plaintiff appear to be properly before Alabama District Court, and not this court. Federal courts have long recognized that the principle of comity requires federal district courts to exercise care to avoid interference with each other's affairs. See Sutter Corp. v. P & P Industries, Inc., 125 F.3d 914, 917 (5th Cir. 1997). This so-called first-to-file rule was developed "to serve the purpose of promoting efficiency and should not be disregarded lightly." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology v. United States Dep't of the Army, 621 F.2d 738, 750 (9th Cir. 1979)). The rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district." Id.

To define and more fully analyze Plaintiff's claims, the court requests further briefing or clarification on the following issues.

1). Is Plaintiff limiting his claim, and that of the class, to the period from March 3, 2007 to May 26, 2008, as suggested in his opposition? (Oppo. at p.4:15-18).

2). As an opt-out in Abney, does Plaintiff have standing to bring any claim encompassed

1 within <u>Abney</u> on a class-wide basis?

2     3). Does the four-year statute of limitations of the UCL, Bus. & Prof. Code §17208, apply to extend RESPA's one-year statute of limitations? 12 U.S.C. §2614. Discuss whether the state or federal statute of limitations applies under the circumstances of this case. It is well established under the Erie doctrine that federal courts sitting in diversity apply state substantive laws and federal procedural laws. 28 U.S.C. §1652; <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938). Ordinarily, statutes of limitation are considered substantive matters for purposes of the Erie doctrine. <u>Guaranty Trust v. York</u>, 326 U.S. 99, 110 (1945). One exception to this rule is where the matter is governed by the Federal Constitution or federal statutes. <u>Erie</u>, 304 U.S. at 78; 28 U.S.C. §1652. Further discuss whether application of the state statute of limitations would run counter to the twin purposes of the Erie doctrine: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." <u>Hanna v. Plumer</u>, 380 U.S. 460, 468 (1965).

    Plaintiff shall file a response to the request for further briefing by June 27, 2011 and Defendant its response by July 7, 2011. Oral argument in this matter, currently calendared for June 20, 2011, is hereby continued to ***July 18, 2011 at 10:30 a.m.***

**IT IS SO ORDERED.**

DATED: June 16, 2011

                                      Hon. Jeffrey T. Miller
                                      United States District Judge

cc:       All parties