# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KOHL,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN HOME SHIELD CORP.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 11cv0700 JM(NLS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SCHEDULING ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

Defendant American Home Shield Corp. ("AHS") moves to dismiss Plaintiff Richard Kohl's class action complaint for failure to state a claim or, alternatively, to transfer this action pursuant to the first-to-file rule. Plaintiff opposes all motions. Having carefully considered the parties' papers, including the supplemental briefing requested by the court, the court record, and the arguments of counsel, the court grants in part and denies in part the motion to dismiss. Plaintiff shall file his motion for class certification, if any, by September 30, 2011, AHS a responsive brief by October 21, 2011, and Plaintiff a reply brief by October 28, 2011. Oral argument on the motion for class certification is calendared for November 7, 2011 at 10:00a.m.

## BACKGROUND

On April 6, 2011, AHS removed this action based upon diversity, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA"), and federal question jurisdiction. 28 U.S.C. §1331. Plaintiff alleges a single claim for violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200. The predicate for the UCL claim is the alleged violation of the Real Estate Settlement

1  Procedures Act ("RESPA"), 12 U.S.C. §2607(a).

2  AHS is in the business of servicing, administering, and selling home service contracts, sometimes called a Home Warranty Contract ("HWC") to customers. The HWCs cover "such things as the replacement and repair of electrical, plumbing, and hearing and cooling systems, as well as the breakdown of major home appliances." (Compl, ¶5). A substantial amount of HWCs are purchased by buyers or sellers of residential real estate at the time of a real estate closing. (Compl. ¶6).

The Alleged Scheme

As an incentive to real estate agents and brokers, Plaintiff alleges that "AHS pays a kickback to the brokerage if the agent is able to cause the buyer or seller to purchase a (sic) AHS home warranty. Once the premium for the warranty is collected, AHS pays the real estate agents or brokers a portion of the premium that was paid by the home buyer or seller." (Compl. ¶7). This is allegedly a "standard business practice . . . . known among real estate agents that they will receive a kickback if they cause a purchaser or seller of residential property to purchase a home warranty with AHS." (Compl. ¶87).

On June 14, 2010, Plaintiff purchased a home in Oceanside, California. Plaintiff was represented by real estate agent Mike Dempster of ZipRealty Inc.. The agent "encouraged Plaintiff to purchase a AHS home warrant" for $435. (Compl. ¶11). This cost for the one year HWC was listed among Plaintiff's closing costs. A portion of this charge allegedly "went to his real estate agent in exchange for referring Plaintiff's home warranty business to AHS." (Compl. ¶12).

Plaintiff alleges that the payment of these kickbacks are illegal under RESPA. The single UCL claim is based upon the alleged violation of RESPA.

The Class

Plaintiff seeks to bring this action as a class action defined as:

> All persons residing in California who have purchased a home warranty from AHS in connection with the sale or purchase of a home financed by a federally related mortgage in the past four years, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.

(Compl. ¶20). The class period allegedly commences on March 4, 2007, (Notice of Removal, Exh. 2), and continues through the present time.

///

### The Earlier Filed Action

On May 26, 2009, a nationwide class action was commenced against AHS in the United States Court for the Northern District of Alabama, Southern Division, entitled Abney v. American Home Shield Corp., No. 2:09-1018 RDP (the "Abney action"). The certified class in the Abney action is defined as:

> All persons in the United States of America who have purchased from the defendant a home warranty in connection with the sale or purchase of a home financed by a federally related mortgage during the applicable statute of limitations period, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.

(AHS Exh. 3 ¶17). The class period commences on May 26, 2008.

On January 20, 2011, the parties in Abney reached a settlement and filed a motion for preliminary approval of the settlement. On March 4, 2011, the district court in Alabama approved the settlement in Abney. (AHS Exh. 2). Pursuant to the class notice of settlement, each class member will receive payment of $40, representing "2/3 of the typical $60.00 kickback paid by AHS to real estate agents." (Oppo. at p.4:12).

On May 18, 2011 Plaintiff filed an election to opt-out of the settlement in Abney. (Miller Decl. Exh. B). Plaintiff represents that he elects, in lieu of participating in the settlement in Abney, to pursue this action as an individual and as a class representative consisting of a class of California resident opt-outs in the Abney action.

## DISCUSSION

**The Scope of the Present Action**

Plaintiff seeks to represent two distinct classes of individuals. First, Plaintiff seeks to represent a class of all California residents who purchased AHS contracts between March 3, 2007 (representing four years from the date of filing the instant complaint in state court) and May 26, 2008 (representing the commencement of the class period in the Abney action). Second, Plaintiff seeks to represent a class of individuals who opted out of the Abney settlement for the period May 26, 2008 through the present. (Plaintiff's Supp. Brief at p.1:10-15). In addition to these class claims, Plaintiff seeks to

prosecute his individual claim.

Before addressing the merits of the Rule 12(b)(6) motion, the court discusses the basis for this court's subject matter jurisdiction, the applicable statute of limitations, the first-to-file rule, and then the scope of Plaintiff's claims. Once the court identifies the permissible scope of Plaintiff's claim, it turns to the merits of the motion to dismiss.

Subject Matter Jurisdiciton

At the outset, the court notes that AHS removed this action based upon diversity jurisdiction under CAFA, 28 U.S.C. §1332(d), and federal question jurisdiction pursuant to 28 U.S.C. §1331. (Ct. Dkt. at ¶1-2). Even though couched as a state law claim, the court has original federal question jurisdiction where the claim is an "inherently federal claim" articulated in state law terms and "the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1044 (9th Cir. 2003). To determine the existence of a substantial disputed federal question, the court asks whether "the federal question [is] 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible.'" Id. (citations omitted).[1]

The court concludes that it possesses federal question jurisdiction over Plaintiff's claim because the RESPA statute is indispensable to Plaintiff's state law claim.[2] As framed by the parties themselves, the only substantive issue in this case is whether the fees paid by AHS to real estate agents constitutes an illegal kickback under 12 U.S.C. §2607(a). (Compl. ¶¶15-18, p.7:5-8). That RESPA section provides that "[n]o person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part

---

[1] Here, there is no dispute that the Notice of Removal asserted diversity jurisdiciton under 28 U.S.C. §1332(d) at time of removal. (Ct. Dkt. 1).

[2] The UCL, Bus. & Prof. Code §17200, prohibits three types of wrongful business practices: any (1) unlawful, (2) unfair, or (3) fraudulent business practice or act. "[I]n essence, an action based on Bus. & Prof. Code §17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to a business activity, as unlawful practices independently actionable under Bus. & Prof. Code §17200 and subject to the distinct remedies provided thereunder." People ex rel. Bill Lockyer v. Fremont Life Ins. Co., 104 Cal.App.4th 508, 515 (2002). The violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Sauders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994). Here, Plaintiff alleges that AHS's payment of a portion of the HWC premium to real estate agents violates RESPA's anti-kickback provision and hence the UCL.

1  of a real estate settlement service involving a federally related mortgage loan shall be referred to any
2  person." Both parties argue that HUD's regulations and opinion letters play an important and
3  indispensable role in resolving the alleged violation of RESPA, (Compl. ¶¶16, 17; Motion at p.6:1 -
4  7:5; Oppo. at p.2:5 - 3:28). Interpretation of Plaintiff's claim only involves the application of federal,
5  and not state, law.

6  In sum, the court concludes that it possesses both federal question and diversity (CAFA)
7  jurisdiction over the action.

   Statute of Limitations

9  As a federal court exercising federal question jurisdiction over a federal statute, it is axiomatic
10 that the court applies the federal statute's applicable limitations period. Applying RESPA's explicit
11 one-year statute of limitations, 12 U.S.C. §2614, all putative class claims arising before March 3, 2010
12 are time-barred.

13 Even if the court were to exercise diversity jurisdiciton, the court would apply RESPA's statute
14 of limitations.

> For purposes of diversity suits a federal court is, in effect, "only another court of the State." Guaranty Trust Co. v. York, supra, at 108. The considerations that urge adjudication by the same law in all courts within a State when enforcing a right created by that state are hardly relevant for determining the rules which bar enforcement of an equitable right created not by a State legislature but by Congress.
>
> If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitations is definitive.

20 Holmberg v. Armbrecht, 327 U.S. 392, 394-95 (1946). Here, Congress has clearly identified its intent
21 that all actions seeking to enforce the unlawful kickback provisions of RESPA be brought within one
22 year. 12 U.S.C. §2614. Accordingly, under Holmberg, the court applies the federal one-year statute
23 of limitations to the RESPA right created by Congress.

24 Plaintiff argues that there is no federal claim alleged in the complaint and therefore the court
25 should apply UCL's four-year statute of limitations. This argument misses the mark. As set forth
26 above, the UCL claim, although couched in terms of state law, depends entirely on the resolution of
27 federal, and not state, law and is therefore treated as a federal claim. See Lippitt, 340 F.3d at 1044.
28 Plaintiff's cited authority is not helpful on this point. In Rosalba v. Purolator Air Filtration Products

1  Co., 23 Cal.4th 163, 178-79 (2000) the California Supreme Court analyzed whether UCL's four-year
2  statute of limitations governed plaintiff's UCL claim or the shorter limitations provisions giving rise
3  to the unlawful business practice allegations.  The California Supreme Court concluded that the
4  legislature clearly expressed its intent that the four-year statute of limitations applies because §17208
5  provides that "[a]ny action to enforce any cause of action under this chapter shall be commenced
6  within four years after the cause of action accrued."  In light of the clear "any action" statutory
7  language, the California Supreme Court rejected the defendant's "claim that the shorter periods of
8  limitation" apply. Id. at 179.  The court notes that Rosalba dealt with the application of state law by
9  the California Supreme Court to plaintiff's state law claim.  Here, in contrast, whether Plaintiff is
10 entitled to relief depends entirely on the application of RESPA, and not state law. Because Congress
11 has clearly expressed its intent that all actions seeking relief for violation of RESPA be brought within
12 one year of violation of the unlawful kickback provision, see Chevron U.S.A., Inc. v. Natural
13 Resources Defense Council, Inc., 467 U.S. 837, 842 (1984) ("If the intent of Congress is clear, that
14 is the end of the matter."), that law is "the supreme Law of the Land. . . ." U.S. Const., Art. VI, cl. 2.
15     In sum, whether exercising federal question or diversity jurisdiction, the court concludes that
16 RESPA's one-year statute of limitations applies to Plaintiff's UCL claim.
17     First-to-File Rule
18     The court also declines to exercise jurisdiction over all class claims asserted in the Abney
19 action. Federal courts have long recognized that the principle of comity requires federal district courts
20 to exercise care to avoid interference with each other's affairs.  See Sutter Corp. v. P & P Industries,
21 Inc., 125 F.3d 914, 917 (5th Cir. 1997).  This so-called first-to-file rule was developed "to serve the
22 purpose of promoting efficiency and should not be disregarded lightly."  Alltrade, Inc. v. Uniweld
23 Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology v. United States
24 Dep't of the Army, 621 F.2d 738, 750 (9th Cir. 1979)).  The rule may be invoked "when a complaint
25 involving the same parties and issues has already been filed in another district."  Id.
26     Here, the same parties (except the opt-outs) and issues raised in Abney are before this court.
27 To promote efficiencies, the court declines to exercise jurisdiction over all class claims encompassed
28 within the Abney action under the first-to-file rule.

1  ///

2     Scope of Action

3     For the above stated reasons, the court dismisses all claims arising before March 3, 2010 as time-barred by RESPA's statute of limitation and declines to exercise jurisdiciton over any claim encompassed within the Abney action. This action proceeds as an individual action and, potentially, a class of Abney opt-outs whose claims arise on or after March 3, 2010.

**The Motion to Dismiss**

   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However,

1  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
2  motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

### The Motion

The court denies the motion to dismiss Plaintiff's individual RESPA claim. To prevail on a RESPA unlawful kickback claim, Plaintiff must allege a violation of 12 U.S.C. §2607(a): "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." In broad brush, Plaintiff alleges the outline of a RESPA claim. On or about June 14, 2010 Plaintiff closed a financial transaction on a federally related mortgage loan and obtained a HWC, issued by AHS with a premium of $435. (Compl. ¶¶7, 10-12). Plaintiff further alleges that a portion of the payment "went to his real estate agent [from ZipRealty] in exchange for referring Plaintiff's home warranty business to AHS," (Compl. ¶12), and that the real estate brokers and others did "not provide any home warranty services to the buyers or sellers who pay for the home warranties." (Compl. ¶9). Plaintiff's allegations provide AHS with sufficient notice of the nature of the claim such that it is able to conduct discovery and prepare an adequate response to the complaint.

In large part, AHS argues that Plaintiff's claim is unsubstantiated and that a February 28, 2010 advertising agreement between AHS and ZipRealty, Inc. conclusively demonstrates that it did not violate the unlawful kickback provision of 12 U.S.C. §2607(a). AHS urges the court to take judicial notice of the advertising agreement. The court declines to take judicial notice of the advertising agreement because the complaint makes no reference to the advertising agreement. See Levine, 950 F.2d at 1482 (generally, courts may not consider extraneous matters in testing the legal sufficiency of a complaint). Based upon the advertising agreement with ZipRealty, AHS argues that it never paid any alleged illegal "kickbacks" and that the payments it made to ZipRealty consisted of a flat annual payment for an advertising program not linked to the sale of AHS's products. (Motion at p.4:5-5:11). The court notes that the nature of any services provided to ZipRealty in exchange for some form of payment from AHS presents the heart of the dispute between the parties. Resolution of this critical inquiry likely requires discovery to resolve anticipated factual disputes. Furthermore, the issues raised

1  by AHS are better addressed in context of an evidentiary motion, and not a motion to dismiss.

2  In sum, the court denies the motion to dismiss Plaintiff's individual claim.

**Scheduling Order**

Mindful of its responsibility to address class certification issues at "an early practicable time," Fed.R.Civ.P. 23(c)(1), the court sets a hearing on Plaintiff's motion for class certification. In his motion, Plaintiff expresses his desire to pursue the RESPA claim on behalf of a class of Abney opt-outs. Presumably, the exact number of eligible Abney opt-outs is now known as the claims deadline has expired in the Abney action.

Plaintiff shall file his motion for class certification, if any, by September 30, 2011; AHS shall file and serve an opposition brief by October 21, 2011; and Plaintiff shall file a reply brief by October 28, 2011. Oral argument on the motion for class certification is calendared for November 7, 2011 at 10:00 a.m.

In sum, the court grants in part and denies in part the motion to dismiss all class claims, denies the motion to dismiss Plaintiff's individual claim, and sets a briefing schedule on Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

DATED: August 24, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties