# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KOHL,<br><br>                      Plaintiff,<br>vs.<br><br>AMERICAN HOME SHIELD CORP.,<br><br>                      Defendant. | CASE NO. 11cv0700 JM(NLS)<br><br>ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

Pending before the court are Plaintiff Richard Kohl's motion to amend and a motion to intervene by Debora L. Robinson. Defendant American Home Shield Corp. ("AHS") opposes both motions. Pursuant to Local Rule 7.1(d)(1), the matters presented are appropriate for decision without oral argument. For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction over the action. The Clerk of Court is instructed to remand this action to state court and to close the file.

## BACKGROUND

On April 6, 2011, AHS removed this action based upon diversity, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA"), and federal question jurisdiction. 28 U.S.C. §1331. Plaintiff alleged a single claim for violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200. The predicate for the UCL claim is the alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2607(a). At the time of removal, Plaintiff sought to represent a class of individuals defined as:

> All persons residing in California who have purchased a home warranty from AHS in connection with the sale or purchase of a home financed by a federally related mortgage in the past four years, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.

(Compl. ¶20). The class period allegedly commences on March 4, 2007, (Notice of Removal, Exh. 2), and continues through the present time.

At the time of removal, an action involving the same underlying occurrence or transaction had obtained preliminary approval of a nationwide class action settlement. On May 26, 2009, a nationwide class action was commenced against AHS in the United States Court for the Northern District of Alabama, Southern Division, entitled Abney v. American Home Shield Corp., No. 2:09-1018 RDP (the "Abney action"). On January 20, 2011, the parties in Abney reached a settlement and filed a motion for preliminary approval of the settlement. On March 4, 2011, the district court in Alabama approved the settlement in Abney. (AHS Exh. 2). Pursuant to the class notice of settlement, each class member will receive payment of $40, representing "2/3 of the typical $60.00 kickback paid by AHS to real estate agents." (Oppo. to Motion to Dismiss at p.4:12). Plaintiff is the only identified California resident opt-out of the settlement in Abney.

On August 24, 2011 the court applied the well-pleaded complaint rule and determined that the court possessed subject matter jurisdiction pursuant to 28 U.S.C. §1331. (Ct. Dkt. 23). The Order did not directly address whether the court also possessed CAFA jurisdiction at the time of removal.

The court remands this action to state court because AHS fails to show that the court possesses CAFA jurisdiction over the action.[1]

**DISCUSSION**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)).

---

[1] It appears that Plaintiff purchased his home for cash and did not obtain a federally insured mortgage. (Oppo. to Motion to Amend at p.1:12-13). In the absence of a federally insured mortgage, there are no circumstances under which Plaintiff is able to state a RESPA related claim or assert a RESPA claim as a predicate for a §17200 claim.

Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire <u>sua sponte</u> whenever a doubt arises as to [its] existence. . . ." <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (citations omitted).

In relevant part, the court possesses subject matter jurisdiction over the present action only where (1) there is a federal question or (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2); (Ct. Dkt. 1; Notice of Removal ¶¶1, 2). Up to this point, the court has treated this action as one arising under federal law.

<u>Federal Question Jurisdiction</u>

At the time of removal, for the reasons set forth in this court's August 24, 2011 Order, the court possessed federal question jurisdiction over the action. (Ct. Dkt. 23). However, in the Proposed First Amended Complaint ("PFAC"), Plaintiff has abandoned the basis for his federal claim.[2] As there is no allegation that the court possess supplemental jurisdiction over potential transactionally related state law claims, even if appropriate under 28 U.S.C. §1367, the court concludes that it lacks federal question or supplemental jurisdiction over the claims alleged in this action.[3]

In sum, the court finds that there is no basis for the court to exercise federal question jurisdiction over this action.

<u>CAFA Jurisdiction</u>

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Federal question removal jurisdiction is determined from the face of the complaint as it existed at the time of removal. <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979); <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 475 (1998). Defendants, as the parties who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. <u>See Gaus v. Miles, Inc.</u> 980 F.2d 564, 566 (9th Cir. 1992); <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545 (5th Cir. 1981). Any doubts regarding

---

[2] As set forth herein, Plaintiff could not have alleged a RESPA related claim at the time of removal because the underlying purchase of real property did not involve a federally insured mortgage.

[3] Even if supplemental jurisdiction were considered, the court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c) because the state law claims and interests alleged in the PFAC overwhelmingly predominate over any perceived federal interest.

1  removal jurisdiction are construed against Defendants and in favor of remanding the case to state
2  court.  See Gaus, 980 F.2d at 566.

3   While a general allegation that the amount in controversy exceeds the $5 million threshold of
4  CAFA is usually sufficient to establish diversity jurisdiction, See Fed.R.Civ.P. Form 7, that is not the
5  case in a removed action.  In a removed case, the defendant must prove by a preponderance of the
6  evidence the amount in controversy.  See Gaus, 980 F.2d at 566.  At the time of removal, Abney had
7  achieved a nationwide class action settlement of all claims transactionally related to the underlying
8  RESPA claim.[4]  The original complaint in this action was brought on behalf of California residents
9  and disclaimed any knowledge of "the exact size or identities of the proposed Class, since such
10 information is in the exclusive control of Defendant.  Plaintiff, however, believes that the Class
11 encompasses at least tens of thousands of individuals." (Compl. ¶21).  The Notice of Removal also
12 identifies allegations in the complaint to the effect that aggregate damages are "likely to be in the
13 millions of dollars" (Compl. ¶25).  These, and similar, conclusory allegations belie the allegation that
14 the amount in controversy "exceeds $5 million."  (Notice of Removal ¶13).

15  In removal cases, "[t]here is a strong presumption that the plaintiff has not claimed a large
16 amount in order to confer jurisdiction on a federal court. . . ."  St Paul Mercury, 303 U.S. at 290.
17 "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
18 instance."  Gaus, 980 F.2d at 566.  Here, in light of the conclusory damages allegations (Plaintiff does
19 not know the "exact size . . . of the proposed class" and "damages [are] likely to be in the millions of
20 dollars"), and Defendant's failure to proffer sufficient jurisdictional facts, the court has substantial
21 doubt as to the existence of federal jurisdiction and therefore remands the action.

22  Even accepting general allegations that there are "thousands" of class members and that the
23 total amount of the alleged referral of kickback was about $60, (Oppo. to Motion to Dismiss at
24 p.4:12), the total amount in controversy appears substantially less than $5 million.  Assuming
25 "thousands"

26 / / /

27

28   [4] The court notes that Plaintiff is the only California resident to opt-out of the Abney settlement.

1  ///

2  means that 80,000[5] class members that are similarly situated to Plaintiff, the total amount in
3  controversy would be about $4.8 million (80,000 class members times average damages of $60),
4  substantially less than $5 million.

5       As the complaint's allegations, the Notice of Removal, and the court record fail to satisfy
6  CAFA's amount in controversy requirement, the court dismisses the complaint for lack of subject
7  matter jurisdiction and remands the action to state court.

8       The Clerk of Court is instructed to remand this action to state court and to close the file.

9  **IT IS SO ORDERED.**

10 DATED: December 14, 2011

11                                       Hon. Jeffrey T. Miller
12                                       United States District Judge

13 cc:       All parties

---

28     [5] 80,000 class members appears highly speculative and a preposterously high number of class members, especially when there is only one California resident opt-out in the <u>Abney</u> action.